2026 IL App (1st) 250345-U

FOURTH DIVISION
Order filed: August 13, 2026

No. 1-25-0345

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JANUSZ GRABOWSKI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | No. 2022 CH 07989 |
| v. | ) ) | |
| CITY OF CHICAGO, a Municipal Corporation, | ) ) | Honorable Lynn Weaver-Boyle, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff failed to demonstrate error in the dismissal of his action with prejudice when he did not challenge the merits of the dismissal and did not provide an adequate record of the denial of his oral request for leave to amend his complaint. The court did not abuse its discretion by denying plaintiff's request to amend after final judgment.

¶ 2    Plaintiff Janusz Grabowski filed a putative class action complaint against defendant City of Chicago ("City") to recover a credit on closed water services accounts. Grabowski alleged that the City made it either impossible or unduly onerous to obtain a refund for prepayments. On the

City's motion, the court dismissed the action with prejudice and denied his oral motion for leave to file a second amended complaint. Grabowski then filed a motion for reconsideration that included another request for leave to file a second amended complaint. The court denied that motion. For the following reasons, we affirm.

¶ 3    In August 2022, Grabowski filed a putative class action complaint against the City alleging that he was required to prepay for water services and chose to do so by credit card. After he moved out of the City and closed his account, he applied for a refund. Because the City's refund application requires proof of all applicable payments before issuing a credit, Grabowski attached a copy of his credit card statement reflecting a $102.16 payment to the City. The account holder's name, the account number, and all other information apart from two transactions, including the payment to the City, were redacted. The City rejected Grabowski's application on the grounds of "insufficient documentation" and informed him that he could provide a "copy of an original bank statement showing the bank's name, customer name, last four digits of the account number and transaction details;" "[a] copy of the front and back of the original check showing the date and amount that was cashed;" or "[a] copy of an original City of Chicago receipt of payment." Grabowski alleged that, because he had paid by credit card, he was unable to provide any of those forms of documentation and therefore, unable to obtain a refund.

¶ 4    Grabowski sought to certify a class of similarly-situated individuals and alleged four causes of action, including claims for declaratory judgment, unjust enrichment, mandamus, and "injunctive relief."

¶ 5    The City filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure ("Code") (735 ILCS 5/2-619.1 (West 2022)), asserting that Grabowski failed to plead

sufficient facts to support his causes of actions, Grabowski's claims were not ripe, and the exhibits attached to Grabowski's complaint contradicted his claim that it refused to refund his money and instead showed that the City merely sought additional documentation because he over-redacted his credit card statement. In response, Grabowski sought, and was granted, leave to file an amended complaint.

¶ 6     In his amended complaint, Grabowski alleged that the City's policy of not allowing refund applicants to redact sensitive information from credit card or bank statements exposes those applicants to the possibility of theft or identity fraud and "makes it unduly onerous, if not impossible, for former customers to recover a credit the City owes them after their account for water service is closed." The amended complaint contained the same four causes of action as the original complaint in substantially similar form.

¶ 7     The City again filed a combined motion to dismiss under section 2-619.1, arguing, among other things, that the action was premature because it had not made a final decision on Grabowski's refund application and that Grabowski's exhibits refuted his allegations and demonstrated that the City was willing to refund his money with proper documentation. Following full briefing, on September 17, 2024,[1] the court dismissed Grabowski's complaint with prejudice and denied his oral motion for leave to file a second amended complaint. The record does not contain a transcript of this hearing.

¶ 8     On October 10, 2024, Grabowski filed a "Motion to Reconsider This Court's September 11, 2024 Order Denying Plaintiff's Oral Motion for Leave to File a Second Amended Complaint

---

[1] Although the parties mention a September 11, 2024 court date, there is no order, transcript or notation in the record of such a court date.

and Granting City of Chicago's Section 2-619.1 Motion to Dismiss the First Amended Class Action Complaint." Grabowski asked the court to reconsider and vacate its decisions denying his oral motion for leave to file an amended complaint and granting the City's motion to dismiss Grabowski's First Amended Complaint with prejudice.  He also sought "to proceed on an alternative and cognizable cause of action," including "a claim for a violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, (the 'ICFA') based on the allegation that the refund application process for individuals or entities who the City owes a credit because of a closed water services account violates the Illinois Personal Information Protection Act ('PIPA'), 815 ILCS 530/1 *et seq.*"

¶ 9     Grabowski further argued that his proposed second amended complaint would seek injunctive relief and declarations that the City's refund process violates PIPA, the City's retention of former account holders' excess payments violates Illinois and federal law, and the City must issue notice to all individuals or entities to whom the City owes a credit due to a closed water services account and disclose a refund application process that complies with PIPA.

¶ 10     Addressing the legal grounds for reconsideration, Grabowski asserted that the court misapplied the law when it denied his oral motion for leave to file a second amended complaint and granted the City's motion to dismiss. Grabowski argued that the court "should reconsider its denial of [his] oral motion for leave to amend and allow [him] to amend his complaint to add claims alleging violations of PIPA and the ICFA and to modify claims for declaratory judgment and *mandamus* relating to Plaintiff's claim that the City's refund process is not PIPA compliant." He attached his proposed second amended complaint to the motion.

¶ 11    In response, the City argued that Grabowski was prohibited from raising new legal theories in a motion to reconsider, the ICFA and PIPA claims were without merit, and Grabowski's first amended complaint was otherwise properly dismissed.

¶ 12    In his reply, Grabowski withdrew his intention to plead an ICFA claim in his proposed second amended complaint, acknowledging that the City was not subject to ICFA, but maintained that he should be allowed to amend his complaint to raise causes of actions based on alleged PIPA violations. Grabowski also asserted that, on November 13, 2024, after he filed his motion to reconsider, a new potential class member named Sandra Sugano-Haddadin contacted his attorneys and sought to join the action as a plaintiff. Grabowski argued that Sugano-Haddadin's appearance was newly discovered evidence warranting reconsideration and leave to amend. Grabowski attached to his reply a revised proposed second amended complaint that added Sugano-Haddadin as a plaintiff.

¶ 13    The court held a hearing on Grabowski's motion on January 30, 2025. At the outset, counsel for Grabowski stated, "in an ideal world we should have cited PIPA, the Personal Information Privacy Act, *** in the first amended complaint. We didn't do that. The reason we didn't do it is I missed it." Counsel then discussed Sugano-Haddadin and described her allegations of experiencing the same difficulties as Grabowski. The court then interjected, "Are we talking about a motion to [re]consider my ruling on the motion to dismiss because obviously none of this information has anything to do with the complaint that was at issue or the motion to dismiss." When counsel for Grabowski responded that Sugano-Haddadin's appearance was newly discovered evidence, the court countered, "Well, then bring another complaint, [counsel]. This has nothing to do with the complaint that was at issue or the *** issues presented in the motion to

dismiss. I think raising these issues on a motion to reconsider is absolutely improper." The court explained that it dismissed the complaint because it was insufficiently pled. A second attorney for Grabowski noted that the motion to reconsider also addressed the denial of Grabowski's oral motion for leave to amend, to which the court responded, "None of this information was part of the oral motion to amend or was presented at that time. This is newly presented arguments and information that were never even contemplated during the hearing on the motion to dismiss."

¶ 14     The court denied Grabowski's motion to reconsider in a written order entered February 5, 2025. On February 21, 2025, Grabowski filed a notice of appeal of the court's September 17, 2024, and February 5, 2025, orders.

¶ 15     Before we can consider the merits of this appeal, we must address our jurisdiction. The City argues that we lack jurisdiction to hear this appeal because Grabowski's motion to reconsider was not directed at the judgment and therefore, did not toll the time to appeal, making his February 21, 2025, notice of appeal untimely as to the September 17, 2024, judgment dismissing his action. We disagree.

¶ 16     To confer this court with jurisdiction over an appeal, a notice of appeal generally must be filed within 30 days of the final judgment being challenged. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 12. If a postjudgment motion is filed within 30 days of a judgment, the time for filing the notice of appeal is tolled and the notice of appeal must then be filed within "'30 days after the entry of the order disposing of the last pending postjudgment motion *directed against that judgment or order*.'" (Emphasis added.) *Stanila*, 2020 IL App (1st) 191890, ¶ 12 (quoting Ill. S. Ct. R. 303(a)(1)). Notably, "'[a]n untimely motion, *or one not directed against the judgment*, neither stays the judgment nor extends the time for appeal.'"

(Emphasis added.) *Id.* (quoting *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981)). "In order to toll the time to appeal, the postjudgment motion must seek 'a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or *** other relief.'" *Id.* ¶ 13 (quoting 735 ILCS 5/2-1203(a) (West 2018)). Neither the rules nor the Illinois Code of Civil Procedure imposes a specificity requirement on such a motion to reconsider. *Kingbrook, Inc. v. Pupers*, 202 Ill. 2d 24, 31 (2002). When determining whether a postjudgment motion is properly directed against the judgment and therefore tolls the time to appeal, we look at the substance of the motion rather than its caption. *Id.* ¶¶ 22-23.

¶ 17     The City contends that Grabowski's motion for reconsideration was not a proper motion challenging the judgment and was instead a motion for leave to file an amended complaint, which did not toll the time for filing an appeal. While most of Grabowski's motion focused on his request for leave to file a second amended complaint, the motion also expressly sought reconsideration of the court's denial of Grabowski's oral motion for leave to amend and dismissal of the amended complaint with prejudice. Essentially, Grabowski sought reconsideration of the "with prejudice" component of the court's judgment. Thus, the motion was directed against the judgment and was sufficient to toll the time to appeal. See *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr. & Co.*, 349 Ill. App. 3d 178, 186 (2004) (holding that a motion to reinstate and for leave to file an amended complaint was sufficient to toll the time for filing an appeal when the prayer for relief requested that the court reinstate the action, even though the substance of the motion only sought leave to amend). Accordingly, we have jurisdiction to review the September 17, 2024 order.

¶ 18     However, when we turn to the merits of Grabowski's appeal, we observe several issues precluding substantive analysis of Grabowski's arguments. To begin, the entirety of Grabowski's

argument in this appeal is focused on demonstrating why he should have been granted leave to file the proposed second amended complaint including Sugano-Haddadin's allegations, which he attached for the first time to his reply to his motion to reconsider. He does not present any argument challenging the court's order granting the City's motion to dismiss his amended complaint or explain how or why that ruling was erroneous. Rather, he focuses solely on the allegations of his proposed second amended complaint. Grabowski does not challenge the merits of the dismissal of his first amended complaint and instead challenges only the court's decision to make the dismissal "with prejudice." Accordingly, he has forfeited any challenge to the merits of the dismissal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that points not argued in the appellant's brief are forfeited).

¶ 19    As for the denial of Grabowski's oral motion for leave to amend, the City argues that the record is insufficient to allow for meaningful appellate review of that ruling. Specifically, the City notes that the record does not contain a transcript of the September 11, 2024, hearing at which Grabowski presented his oral motion for leave to amend and therefore, we do not know what Grabowski argued or why the court denied his request. The City argues that affirmance is therefore required, citing the well-established principle that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). We agree.

¶ 20    Grabowski did not file a written motion for leave to amend, nor did he include such a request in his response to the City's motion to dismiss. Rather, he argued only that the allegations

in his amended complaint were sufficient to avoid dismissal. Further, we do not have a transcript of the hearing at which he orally moved for leave to amend and he did not explain what he sought to allege in that amended complaint or provide a proposed amended pleading. While the record contains a written order denying Grabowski's oral motion, the order did not provide any explanation for the ruling. Accordingly, we have no information regarding either the basis for Grabowski's oral motion or the court's reasons for denying it. In such a situation, we presume that the order was correctly entered and affirmance is required. See *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 31 (affirming the denial of an oral motion for leave to amend when the plaintiffs failed to provide a transcript of the hearing at which the motion was heard); *Ybarra v. Centrust Bank, N.A.*, 2024 IL App (1st) 232072-U, ¶ 66 (affirming the denial of a written motion for leave to amend when the plaintiffs did not provide a transcript of the hearing on the motion and the court's written order did not provide an explanation for its ruling); *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶ 29 ("[T]he lack of a transcript effectively precludes us from reviewing the denial of plaintiff's motion for leave to amend, as it is impossible to know which factors the trial court emphasized and what reasoning guided it.").

¶ 21    Grabowski argues in his reply that the record is sufficient because the court addressed the issue at the hearing on his motion to reconsider and stated, "the reason why the case was dismissed with prejudice and you weren't given leave to file an amended complaint is because I did not believe based on the case law and the arguments and the briefs presented that you could amend the complaint to include a viable cause of action against the City." However, that very basic explanation did not create a sufficient record of all of the issues bearing on the court's decision, as we still need to know what amendments Grabowski proposed at the time.

¶ 22   Whether to grant leave to amend a complaint is left to the discretion of the trial court and will not be reversed absent an abuse of that discretion. *Hachem*, 2015 IL App (1st) 143188, ¶ 16. That analysis usually involves consideration of the four *Loyola* factors, including "whether the proposed amendment would cure the defective pleading." *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). Without a proposed pleading, "the reviewing court is powerless to review the trial court's exercise of discretion" regarding those factors. *Loftus v. Mingo*, 158 Ill. App. 3d 733, 746 (1987). Indeed, "we are simply unable to analyze the applicability of the various *Loyola* factors without having read the specific allegations comprising the proposed amended complaint," and without a proposed pleading, we cannot find an abuse of discretion. *Savis, Inc. v. Khoury*, 2023 IL App (2d) 230083-U, ¶ 69 (citing *Loftus*, 158 Ill. App. 3d at 746). Because we do not know what specific amendments Grabowski proposed at the time, Grabowski is unable to show that the court abused its discretion in denying his oral request for leave to amend and we reject his argument.

¶ 23   Lastly, Grabowski argues that the trial court erred in denying his motion to reconsider which sought leave to file a proposed second amended complaint. He attached the proposed pleading to his reply brief, which sought to add new claims and a new plaintiff. He cites section 2-616(a) of the Illinois Code of Civil Procedure and argues that, at any time before final judgment, amendments may be allowed on "just and reasonable terms." 735 ILCS 5/2-616(a).

¶ 24   However, Grabowski made this request only *after* final judgment and thus, section 2-616(a) does not apply. The trial court's September 17, 2024 order granting the City's motion to dismiss and dismissing the first amended complaint with prejudice was a final judgment. *Hachem*, 2015 IL App (1st) 143188, ¶ 18-19. After that time, Grabowski had no statutory right to amend his

complaint (*Id.*) "and a court commits no error by denying a motion for leave to amend." *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶ 14. Although "section 2–616(a) provides that '[a]t any time before final judgment amendments may be allowed on just and reasonable terms,' there is no corresponding provision mandating similar latitude in amendments offered *after* final judgment has been entered. Following judgment, a complaint may only be amended in order to conform the pleadings to the proofs. See 735 ILCS 5/2–616(c) (West 2010). A complaint cannot be amended after final judgment in order to add new claims and theories or to correct other deficiencies." *Id.* Further, contrary to Grabowski's argument, the *Loyola* factors do not apply to amendments proposed after final judgment. *Id*.

¶ 25    In his proposed second amended complaint attached to his reply brief to his motion to reconsider filed several months after the court dismissed the amended complaint with prejudice, Grabowski sought to change the legal theories supporting his causes of action and add a new plaintiff. He does not address in his briefs on appeal how this proposed second amended complaint would conform the pleading to the proofs as required by section 2-616(c). Accordingly, he was not entitled to leave to amend, and the court did not err in denying his motion. See *Tomm's Redemption, Inc.*, 2014 IL App (1st) 131005, ¶¶ 14-15 (affirming the denial of a post-judgment request for leave to amend that was presented during proceedings on plaintiff's motion to reconsider the judgment when the proposed amended pleading sought to add new claims).

¶ 26    For each of these reasons, we affirm the judgments of circuit court.

¶ 27    Affirmed.